UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:16-CR-00114 |
| v. | (MARIANI, J.) |
| ALEXANDER PAZMINO, | (SAPORITO, M.J.) |
| Defendant. | |

FILED
WILKES BARRE
JUN 11 2020
PER ___ MS
DEPUTY CLERK

## MEMORANDUM

This matter is before the court on the motion to reconsider detention order (Doc. 86) filed by the defendant, Alexander Pazmino, a federal inmate at the Lackawanna County Prison (LCP).

Pazmino, who is scheduled for a change of plea hearing on June 18, 2020, seeks his release from custody based on prison conditions at the LCP and the inherent risk posed by his being confined in close quarters with a large number of other inmates during the COVID-19 global pandemic given his history of bronchitis, recurrent pneumonia, and hypertension. Pazmino filed his motion *pro se* and his counsel filed a notice of non-resolution indicating that the parties have been unable to resolve the motion. (Doc. 87). Defense counsel filed a brief in support of the motion (Doc. 88) and the government filed a brief in opposition to the

defendant's motion. (Doc. 89). The matter is ripe for a decision. For the reasons set forth herein, we will deny the motion.

## I. Statement of Facts

A federal grand jury indicted Pazmino on May 3, 2016, charging him with one count of conspiracy to possess in excess of 500 grams of heroin and 100 grams of heroin and one count of distribution and possession with the intent to distribute in excess of 500 grams of methamphetamine and 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).[1] (Doc. 1). On May 4, 2016, he appeared before the undersigned for an initial appearance and arraignment on the indictment where he pled not guilty to the charges. After a detention hearing conducted on May 9, 2016, we ordered Pazmino detained. (Doc. 21). On December 27, 2016, Pazmino filed a petition for review of detention (Doc. 29), and the Honorable Malachy E. Mannion upheld our order of detention. (Doc. 33). Pazmino signed a plea agreement on March 6, 2020, agreeing to plead guilty to Count 1 of the indictment, conspiracy to possess with intent to distribute in excess of 500 grams of

---

[1] The defendant was initially charged by criminal complaint supported by an affidavit prior to his indictment. We presided over his initial appearance and ordered him detained. (Doc. 1; Doc. 2 (sealed); Doc. 12).

2

methamphetamine. (Doc. 82). The maximum penalty for that offense is a term of life imprisonment, a fine of $10,000,000, and a maximum supervised release term for life.

At the detention hearing held on May 9, 2016, the parties agreed that the presumption under 18 U.S.C. § 3142(e)(3) applied.[2] At the detention hearing and in its brief, the government proffered that, during April 2016, a significant shipment of over 500 grams of methamphetamine was intercepted by authorities on its way from the United States and Mexico border region to its ultimate destination in Northeastern Pennsylvania. (Doc. 89, at 2). Federal agents arranged for the vehicle that had been carrying the seized methamphetamine to continue to Northeastern Pennsylvania and to the subject who was to receive the illegal shipment. (*Id.*). This was accomplished through a series of recorded telephone calls between an undercover officer and Pazmino, who was the individual coordinating receipt of the drugs in Pennsylvania. (*Id.*). On the day of the intended drug delivery, Pazmino and another man arrived at a hotel parking lot in Hazleton, where the

---

[2] The rebuttable presumption in 18 U.S.C. § 3142(e)(3) reflects a Congressional finding that drug trafficking is a danger to the community and drug traffickers pose special flight risks.

drugs were scheduled to be delivered. (*Id.* at 3). As agreed upon during the phone calls between Pazmino and the undercover officer, Pazmino went to the vehicle to remove the drugs from a cooler in the vehicle's backseat. (*Id.*). As he attempted to enter the car, the officers revealed their presence and arrested him. (*Id.*). At the time of his arrest, Pazmino was in possession of $2,000 in cash. (*Id.*).

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, we concluded that Pazmino be detained pending trial because the government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person in the community and that it proved by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. We also found that Pazmino did not produce the quantum of evidence necessary to overcome the presumption. In addition to the findings made on the record at the hearing, the reasons for detention included the following: his prior criminal history; the weight of the evidence; the nature and circumstances of the charged offense; when arrested, Pazmino

4

acknowledged that he was also involved in the delivery of marijuana; and that drug trafficking is an inherent danger to the community. (Doc. 21). We also found significant the recommendation of detention by the United States Probation Office.

Despite the title of his motion, Pazmino does not seek reconsideration of our order of detention, but rather he seeks temporary release under 18 U.S.C. § 3142(i) due to the risks associated with being confined in close quarters with a large group during the COVID-19 global pandemic. Pazmino self-reports a history of bronchitis, pneumonia, and hypertension, but he does not indicate that he continues to treat with a physician or suffer residual effects from these conditions that would place him at heightened risk if he should contract COVID-19. He is 35 years old and reports no other health condition that would make him more vulnerable to the health risks posed by COVID-19.

If released, Pazmino proffered that he could live in Hazleton with his uncle and cousin, but no other information is provided regarding his uncle and cousin. He also proffered that his family would be willing to obtain housing in an apartment for him in the Scranton/Wilkes-Barre area. Finally, he proffered that he could live with his retired father in

Ocala, Florida. His father is a pastor at his church and apparently is willing to serve as Pazmino's third-party custodian. No other information is provided about Pazmino's father. For the reasons discussed herein, we will deny Pazmino's motion.

## II. Discussion

### a. COVID-19 Global Pandemic

We are mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.[3] "COVID-19 is the infectious disease caused by the novel coronavirus." *United States v. Roeder*, ___ Fed. App'x ___, 2020 WL 1545872, at *1 (3d. Cir. Apr. 1, 2020) (per curiam). We are also cognizant that the President of the United States and the Governor of Pennsylvania declared national and statewide states of emergency, respectively. In connection with that, the Governor of Pennsylvania issued a statewide stay-at-home order on April 1, 2020, with counties only recently beginning to transition to less restrictive mitigation policies. As of this date, Lackawanna County, where the defendant is detained at LCP, recently progressed to the

---

[3] World Health Org., *WHO Characterizes COVID-19 as a Pandemic* (Mar. 11, 2020), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen.

"yellow phase" of reopening. We further note that the Governor closed all schools for the remainder of the 2019-2020 academic school year. We also recognize that public health officials have strenuously encouraged the public to practice "social distancing," to hand-wash and/or sanitize frequently, and to avoid close contact with others—all of which presents challenges in detention facilities. *See Roeder*, 2020 WL 1545872, at *2; *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020).

### b. *Conditions of LCP*

Pazmino argues only that LCP is reviewing cases for early release and that on April 2, 2020, an LCP staff member tested positive for COVID-19. (Doc. 88, at 8). He makes no other allegations that LCP has failed to protect its inmate population or staff from the novel coronavirus.

In its brief in opposition and at the hearing, the government concedes the recent disclosure that a guard at LCP tested positive for the COVID-19 virus, which resulted in inmates being placed in lockdown, permitted only to leave their cells for showers, phone calls, attorney visits (through glass windows), and video teleconferencing for court proceedings. The government proffers in its brief that LCP has

experienced no other staff member or inmate exhibiting flu-like symptoms. As of the filing of its brief on May 18, 2020, the government proffered that, as of that date, no other inmate or corrections officer at LCP had tested positive for the coronavirus. (Doc. 89, at 8). We further take judicial notice of recent policies and procedures adopted by LCP to prevent or limit the spread of COVID-19 within the prison. *See Shakur v. Costello*, 230 Fed. App'x 199, 201 (3d Cir. 2007) (per curiam) (taking judicial notice of county prison procedures). Under these new policies and procedures, LCP has suspended contact visits, regular visitation, and visitation from volunteers, including religious leaders. It has implemented aggressive sanitation programs and suspended all programs that utilize "outside" employees. It has prohibited individuals other than prison and medical staff to proceed any further than the reception area. It has limited attorney visits with inmates to meetings through a glass partition in a lawyer visitation room unless written permission is granted by the warden or the deputy warden. It has cancelled all conferences and out-of-county training. It has provided for weekly contact with officials from the state department of corrections. It has posted educational flyers in the blocks and in the reception area. It

has also implemented body temperature screening checks for all employees and lawyers as they enter the facility. *United States v. Mendoza*, No. 5:20-mj-00011, 2020 WL 1663361, at *3 & n.4 (M.D. Pa. Apr. 3, 2020).

### c. 18 U.S.C. § 3142(i)—Temporary Release

Pazmino seeks release under 18 U.S.C. § 3142(i) which allows a judicial officer, by subsequent order, to permit the temporary release of a person to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or another compelling reason. He cites the same reasons above in support of his position that the global pandemic constitutes "another compelling reason" to justify his release.

Section 3142(i) constitutes a limited safety valve provision, enabling courts to re-examine detention decisions "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i). *See United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18,

2013) (collecting cases). The Court must carefully and impartially apply the proper legal standards that govern an individual's particular request for relief. *Roeder*, 2020 WL 1545872, at *3.

Until recent events spawned by the COVID-19 global pandemic, defendants seeking release under § 3142(i) generally did so because it was necessary to prepare the person's defense. Those courts finding "another compelling reason," however, typically granted release "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Lee*, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *3 (D.D.C. Mar. 30, 2020) (quoting *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)); *see also United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993) (permitting release of defendant suffering from terminal AIDS, which could no longer be managed by correctional authorities); *United States v. Cordero Caraballo*, 185 F. Supp. 2d 143 (D.P.R. 2002) (permitting release where defendant sustained "serious" and "grotesque" gunshot wounds, suffered a heart attack, underwent an emergency tracheotomy, was partially paralyzed, could not use his hands, and had open and infected wounds about his body, and where the

United States Marshals Service refused to take custody of him until his wounds closed).

A defendant is not entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan., Mar. 25, 2020). We must make an individualized determination as to whether COVID-19 concerns are compelling in a particular case to justify temporary release under § 3142(i). *Id.* A decision on a motion seeking release under § 3142(i) entails an informed judgment assessing both individual health concerns and broader public safety interests. In reaching these judgments the court must:

> [E]valuate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

*Id.* at *3.

Pazmino's motion is found wanting for several reasons. Other than a single guard who appears to have had no contact with the movant, there have been no confirmed cases of COVID-19 in LCP. Moreover, LCP has implemented new policies and procedures to protect its population as referenced above. There is no evidence that such measures are, or have been, inadequate. Our court has temporarily continued all live, in-court proceedings through June 30, 2020, which should ameliorate a criminal defendant's concerns about assisting his or her attorney in the preparation of a defense. Further, we are confident that LCP will respect the privileged nature of the communications between attorneys and their inmate-clients, as nothing to the contrary has been alleged or otherwise brought to our attention.

In the absence of any evidence of a medically diagnosed health condition that would increase the risk to Pazmino posed by COVID-19, or any evidence that LCP is not providing—or is unable to provide—appropriate medical care, we are not persuaded that the defendant should be released. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (recognizing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot

independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Accordingly, we are not persuaded to reconsider our order of detention.

While the court remains sympathetic to Pazmino's concerns regarding the possibility of health complications caused by the COVID-19 virus, "[s]uch speculation does not constitute a 'compelling reason' for temporary release." *United States v. Loveings*, No. 20-51, 2020 WL 1501859, at *3 (W.D. Pa. Mar. 30, 2020); *see also United States v. Pritchett*, No. CR 19-280, 2020 WL 1640280, at *3 (W.D. Pa. Apr. 2, 2020) (despite being sympathetic to defendant's medical conditions, including a diagnosis of asthma, speculation concerning possible future conditions in jail does not constitute a "compelling reason" for temporary release.); *United States v. Jones*, No. 2:19-CR-00249-DWA, 2020 WL 1511221, at *3 (W.D. Pa. Mar. 29, 2020) (holding that, while the defendant suffered from hypertension, sleep apnea, and asthma, and it is true that individuals with respiratory issues are at higher risk for COVID-19, his present health conditions were not sufficient to establish a compelling reason for release in light of the danger to the community posed by his

release and the efforts undertaken at the jail to combat the spread of the virus) (citing *United States v. Davis*, No. 19-1604, 2020 U.S. App. LEXIS 9987 (3d Cir. Mar. 20, 2020)).

The mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused. *United States v. Williams*, No. PWG-19-8, 2020 WL 1643662, at *2 (D. Md. Apr. 2, 2020) (denying defendant's motion even where at least five inmates had tested positive for COVID-19 and defendant suffered from allergies and asthma); *United States v. Bilbrough*, No. TDC-20-0033, 2020 WL 1694362 (D. Md. Apr. 7, 2020) (affirming magistrate judge's denial of motion by defendant who suffered from diabetes); *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130 (D. Md. Mar. 24, 2020) (denying a 67-year-old defendant's motion); *United States v. Penaloza*, No. TDC 19-238, 2020 WL 1555064 (D. Md. Apr. 1, 2020) (denying motion of defendant who suffered from a heart murmur); *United States v. Jefferson*, No. CCB-19-487, 2020 WL 1332011 (D. Md. Mar. 23, 2020) (denying motion of asthmatic defendant). Thus, we are left to speculate whether Pazmino's continued incarceration would likely increase his risk of harm. However, mindful of the rapidly evolving conditions in prisons

throughout the nation as well as the COVID-19 pandemic, we will entertain a renewed request for release if at some point in the future it becomes clear that there are compelling reasons to justify the defendant's release. *United States v. Sanchez*, No. 1:19-cr-00152, 2020 WL 1814159 *7 (M.D. Pa. Apr. 9, 2020) (citing *United States v. Lee*, No 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020)).

### *III. Conclusion*

For the reasons set forth above, Pazmino has failed to establish compelling reasons for temporary release under 18 U.S.C. § 3142(i). Therefore, his motion (Doc. 86) is denied.

An appropriate order follows.

*Joseph F. Saporito Jr.*  
JOSEPH F. SAPORITO, JR.  
U.S. Magistrate Judge

Dated: June 11, 2020